
COURT OF APPEALS DIV I
STATE OF WA...

2014 APR 28 AM II: 01

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON. | ) | No. 69942-3-I |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| SEAN THOMPSON O'DELL, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: April 28, 2014 |

VERELLEN, A.C.J. — Sean O'Dell appeals from his judgment and sentence for second degree rape of a child. O'Dell first asserts that the trial court erred by precluding him from arguing that he believed the victim to be older than 12 based on her purported statement that she had been told that she looks too young to drink alcohol "a lot." Although it is an affirmative defense that the defendant reasonably believed the victim was older based upon declarations as to age by the alleged victim, the lone remark O'Dell relied on was a declaration about the victim's youthful appearance, not about her age. The defense was not available based on the evidence adduced at trial. O'Dell's second argument, that the trial court erred by not considering his age of 18 as a basis for a departure downward from the standard sentencing range, is also contrary to controlling authority. In State v. Ha'mim, our Supreme Court held that "age alone" may

not be "used as a factor to impose an exceptional sentence outside of the standard range for the crime."[1]  We affirm.

## FACTS

Ten days after his 18th birthday, Sean O'Dell met up with his 12-year-old victim, who had snuck out of her grandmother's house late on a Sunday night.  O'Dell and the 12-year-old girl originally planned to meet their mutual friend, a 13-year-old girl, to "hang out" and talk.  The 13-year old sent a text message indicating that she was unable to leave the house because her grandmother was still awake.  O'Dell and the 12-year-old walked to a secluded spot in the woods nearby the house to wait for their friend to join them.  The two sat on a towel to keep dry, as the forest floor was wet with rain.  O'Dell then held her down, pulled down her pants and underwear, and raped her.  The two walked home separately.  The victim went to bed in her clothes.

The next morning, her mother came to pick her up from her grandmother's and found her uncharacteristically withdrawn and angry.  When her mother demanded to know what was wrong, she told her mother about the rape.

Her mother took her to the sheriff's department, where she reported the crime, then to a hospital in Everett, where she underwent a comprehensive sexual assault evaluation.  Biological materials collected during the examination matched DNA[2] samples taken from O'Dell after his arrest.

The Island County prosecutor charged O'Dell with second degree rape of a child.  The case was twice tried to a jury, the jury being unable to reach a verdict after the first

---

[1] 132 Wn.2d 834, 846, 940 P.2d 633 (1997).

[2] Deoxyribonucleic acid.

trial. The second jury convicted O'Dell as charged, and he was given a standard range sentence of 95 months.

O'Dell appeals.

## ANALYSIS

*Jury Instruction*

O'Dell first asserts that the trial court erred by refusing to give a jury instruction regarding an affirmative defense to the charge of second degree rape of a child. We disagree.

An accused person has a right to present a defense, under the Sixth and Fourteenth Amendments of the United States Constitution and article I, section 22 of the Washington Constitution.[3] Consistent with these rights, a defendant is entitled to have the jury instructed on his theory of the case where it is supported by the law and evidence.[4] "[I]n evaluating whether the evidence is sufficient to support such a jury instruction, the trial court must interpret the evidence most strongly in favor of the defendant."[5] Even under this lenient standard, O'Dell failed to identify evidence supporting the instruction he requested.

RCW 9A.44.030(2) provides in general that in any rape prosecution "in which the offense or degree of the offense depends on the victim's age, it is no defense that the perpetrator did not know the victim's age, or that the perpetrator believed the victim to be older, as the case may be." However, the statute also provides, as an exception,

---

[3] Holmes v. South Carolina, 547 U.S. 319, 324, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006); State v. Maupin, 128 Wn.2d 918, 924, 913 P.2d 808 (1996).

[4] State v. May, 100 Wn. App. 478, 482, 997 P.2d 956 (2000).

[5] State v. Ginn, 128 Wn. App. 872, 879, 117 P.3d 1155 (2005).

[t]hat it is a defense which the defendant must prove by a preponderance of the evidence that at the time of the offense the defendant reasonably believed the alleged victim to be the age identified in subsection (3) of this section based upon declarations as to age by the alleged victim.

(3) The defense afforded by subsection (2) of this section requires that for the following defendants, the reasonable belief be as indicated:

. . . .

(b) For a defendant charged with rape of a child in the second degree, that the victim was at least fourteen, or was less than thirty-six months younger than the defendant.[6]

In declining to give the instruction O'Dell requested, the trial court properly relied upon State v. Bennett.[7] In Bennett, Division Two of this court rejected the argument that declarations as to age by the victim "can consist of her behavior, appearance and general demeanor."[8] The Bennett court held that the affirmative defense did not apply in circumstances where neither victim told a defendant how old she was before they were raped, and that

[a] reading of RCW 9A.44.030(2) makes it clear that something more positive is intended. Without the proviso, the statute states that it is no defense that a defendant believes the victim to be older. The rather generalized, nonassertive manifestations of appearance, behavior and demeanor are precisely the type of conduct giving rise to such a belief. *The proviso then gives protection to the person who, in good faith, acts upon some kind of explicit assertion from the victim. Here, there was no such explicit assertion from either victim*; the statutory defense was not available to Bennett. The proposed jury instruction was properly refused.[9]

O'Dell argues that the trial court misinterpreted Bennett and that his testimony regarding a single remark his victim made entitled him to assert the affirmative defense. Specifically, O'Dell testified that the victim and their mutual friend were drinking alcohol

---

[6] RCW 9A.44.030(2)-(3).

[7] 36 Wn. App. 176, 181, 672 P.2d 772 (1983).

[8] Id.

[9] Id. at 181-82 (emphasis added) (footnote omitted).

and that he commented that she "seemed too young to be drinking," to which she replied, "I get that a lot."[10] O'Dell asserts that this was a statement by the victim regarding her age, and accordingly, the foundation for the defense was met under the Bennett requirement that he acted upon an explicit assertion from the victim.

O'Dell's argument turns on whether the victim's remark was a "declaration as to age." But only O'Dell's statement that she appeared "young to be drinking" made an express reference to the victim's age, and O'Dell's own remarks are plainly not relevant to the statutory defense.

The only relevant statement by the victim was "I get that a lot." These words in context are not an explicit assertion by the victim as to her age. Literally, the words "I get that a lot" convey only that other people have said similar things to her "a lot." The equivocal answer conveys no information about the victim's actual age. "I get that a lot" may imply that the victim heard that statement "a lot," either because she is in fact young or she appears to be young. But O'Dell provides no analysis explaining how the words "I get that a lot" convey that the victim was older than she appeared to be. Based on the arguments before us, we decline to hold that the victim's remark was a declaration as to age by the alleged victim as the statute requires. Even assuming that it was a declaration as to age, the victim's words are inadequate to provide a basis for O'Dell to reasonably believe that she was at least 14 or less than 36 months younger than him as the statute also requires.

The trial court did not abuse its discretion in finding an insufficient factual basis for O'Dell's claimed affirmative defense.

_____

[10] Report of Proceedings (Jan. 18, 2013) at 542.

5

*Sentencing*

O'Dell asserts that the trial court abused its discretion by refusing to consider his age as a basis for an exceptional sentence downward from the standard range. We disagree.

In determining an appropriate sentence, a court may not consider any element that does not relate to the crime or the previous record of the defendant.[11] Our Supreme Court held in Ha'mim:

> We decline to hold that age alone may be used as a factor to impose an exceptional sentence outside of the standard range for the crime.
>
> The SRA [Sentencing Reform Act of 1981] does not list age as a statutory mitigating factor. The Act does include a factor for which age could be relevant. RCW 9.94A.390 provides a nonexclusive list of illustrative factors a court may consider when imposing an exceptional sentence and includes as a mitigating factor that the defendant's capacity to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law was significantly impaired. RCW 9.94A.390(1)(e). However, no such finding was made in Ha'mim's case. There is no evidence in the record that the Defendant's capacity to appreciate the wrongfulness of her conduct or to conform it to the requirements of the law were in any way impaired.[12]

O'Dell fails to establish any evidentiary basis for a departure from the standard range. Like O'Dell, the defendant in Ha'mim, who was 18 when she committed her crimes, sought an exceptional sentence below her standard sentence range based on her youth.[13] The Ha'mim trial court granted the exceptional sentence, but the sentence

---

[11] RCW 9.94A.340.

[12] Ha'mim, 132 Wn.2d at 846.

[13] Id. at 837.

was overturned on appeal because age alone is not a "substantial and compelling" reason for imposing an exceptional sentence.[14]

Following the United States Supreme Court's decision in Roper v. Simmons,[15] our legislature found that "adolescent brains, and thus adolescent intellectual and emotional capabilities, differ significantly from those of mature adults. It is appropriate to take these differences into consideration *when sentencing juveniles tried as adults*," and amended RCW 9.94A.540 prospectively.[16] But this exception does not apply to O'Dell, who was an adult and not a juvenile tried as an adult. The trial court correctly declined to impose an exceptional sentence.

Affirmed.

WE CONCUR:

_____    _____

_____    _____

---

[14] Id. at 847.

[15] 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005).

[16] LAWS OF 2005, ch. 437, § 1 (emphasis added); see also LAWS OF 2005, ch. 437, § 2 (mandatory minimum terms of RCW 9.94A.540(1) "shall not be applied in sentencing of juveniles tried as adults pursuant to RCW 13.04.030(1)(e)(i)").